**GRANT and ABATE and Opinion Filed January 28, 2020**



In The
# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-18-01544-CR

**BRANDY NICHOLE CROWE, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the Criminal District Court No. 6**
**Dallas County, Texas**
**Trial Court Cause No. F16-34211-X**

## OPINION

Before Justices Osborne, Partida-Kipness, and Pedersen, III
Opinion by Justice Osborne

Appellant Brandy Nichole Crowe entered a not guilty plea before the trial court to a charge of intentionally and knowingly causing serious bodily injury to a child. The trial court found appellant guilty of the lesser included offense of recklessly causing serious bodily injury to a child and, following a hearing on punishment, sentenced appellant to twenty years' imprisonment.

Appellant thereafter filed a notice of appeal and a pauper's oath for the appointment of counsel. The trial court appointed an attorney to represent appellant on appeal.

Appellant's appointed attorney filed a brief in which she concluded this appeal is wholly frivolous, without merit, and that there are no arguable grounds to advance. *See Anders v. California*, 386 U.S. 738 (1967); *Gainous v. State*, 436 S.W.2d 137, 138 (Tex. Crim. App. 1969). Appellant's appointed attorney also filed a motion to withdraw.

In support of the motion to withdraw, appellant's appointed attorney states that she is of the "earnest opinion that no arguable points of error appear in the record at the trial or sentencing stages of the case." *See Anders*, 386 U.S. at 744–45; *In re Schulman*, 252 S.W.3d 403, 406 (Tex. Crim. App. 2008). In that same motion, appellant's appointed attorney states she provided appellant with (1) a copy of the brief, (2) a copy of the record, and (3) informed appellant of her right to file a pro se brief. *See In re Schulman*, 252 S.W.3d at 408.

Appellant did not file a pro se brief, nor did the State file a response brief.

When an appellate court receives an *Anders* brief from an appellant's court-appointed attorney[1] asserting that no arguable grounds for appeal exist, we must determine that issue independently by conducting our own review of the entire record. *Anders*, 386 U.S. at 744 (emphasizing that the reviewing court, and not appointed counsel, determines, after full examination of proceedings, whether the case is "wholly frivolous"); *Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991) (quoting *Anders*). An appeal is "wholly frivolous" or "without merit" when it "lacks any basis in law or fact." *McCoy v. Court of Appeals*, 486 U.S. 429, 438 n.10 (1988). Arguments are frivolous when they "cannot conceivably persuade the court." *Id.* at 436. An appeal is not wholly frivolous when it is based on "arguable" grounds. *See Anders*, 386 U.S. at 744.

If we conclude, after conducting an independent review, that "appellate counsel has exercised professional diligence in assaying the record for error" and agree that the appeal is frivolous, we should grant counsel's motion to withdraw, *Meza v. State*, 206 S.W.3d 684, 689 (Tex. Crim. App. 2006), and affirm the trial court's judgment. *In re Schulman*, 252 S.W.3d at 409. However, if we conclude "either that appellate counsel has not adequately discharged [her]

---

[1] The procedural safeguards established in *Anders* do not apply to retained counsel. *See McCoy v. Court of Appeals*, 486 U.S. 429, 437 (1988); *Jeffery v. State*, 903 S.W.2d 776, 779 n.3 (Tex. App.—Dallas 1995, no pet.).

constitutional duty to review the record for any arguable error, or that the appeal is not wholly frivolous, notwithstanding appellate counsel's efforts," we must abate the appeal and return the cause to the trial court for the appointment of new appellate counsel. *Meza*, 206 S.W.3d at 689; *see also Jeffery v. State*, 903 S.W.2d 776, 780 (Tex. App.—Dallas 1995, no pet.) (recognizing and applying these rules).[2]

Without reaching the merits of this appeal, we conclude that at least one arguable issue exists. On page eleven in volume seven of the reporter's record, during the testimony of the child's mother at punishment, the following exchange occurred:

> [THE PROSECUTOR] Is there anything else you feel that the judge needs to know, though, about where he should go on punishment? He has – Let me make sure you understand . . .
>
> With a reckless finding, we're talking about a second degree, between 2 to 20, so where do you feel and why do you feel –
>
> [DEFENSE COUNSEL] Your Honor, I have to object at this point. I think it's an improper question and invades the province of the Court in deciding what the proper punishment should be.
>
> THE COURT: Overruled.
>
> [THE PROSECUTOR] You can answer that.
>
> [THE WITNESS] For me, I feel if I had to choose, it would be 20. It would be the max.

The trial court subsequently imposed a sentence of twenty years' imprisonment.

---

[2] Since *Jeffery* was issued, most prior opinions from this Court regarding the proper procedures to be followed when an appointed attorney files an *Anders* brief have been unpublished. *See, e.g., Gutierrez v. State*, No. 05-16-00552-CR, 2017 WL 1427712, at *1 (Tex. App.—Dallas Apr. 18, 2017, no pet.) (mem. op., not designated for publication); *McCoy v. State*, No. 05-05-00458-CR, 2006 WL 2044959, at *1 (Tex. App.—Dallas July 24, 2006, no pet.) (not designated for publication); *Smith v. State,* No. 05-04-00158-CR, 2005 WL 3304090, at *2 (Tex. App.—Dallas Dec. 7, 2005, no pet.) (not designated for publication); *Thursby v. State*, No. 05-04-00554-CR, 2005 WL 1594372, at *2 (Tex. App.—Dallas July 6, 2005, no pet.) (not designated for publication); *Carter v. State*, No. 05-03-01242-CR, 2004 WL 2985144, at *3 (Tex. App.—Dallas Dec. 28, 2004, no pet.) (not designated for publication). Because it has been almost twenty-five years since *Jeffery* was handed down, and because the proper implementation of the procedural safeguards of *Anders* involves issues of constitutional law as well as other legal issues important to the jurisprudence of this State, this Court is choosing to publish this opinion. TEX. R. APP. P. 47.4(b).

When the trial court overrules an objection, error is preserved for appellate review. *See* Tex. R. App. P. 33.1(a). Yet, appellant's appointed attorney does not identify or describe this objection, nor does she discuss why the trial court's ruling on this objection was either correct or not harmful to appellant. Consequently, we cannot agree with appellant's appointed attorney's determination that the appeal is wholly frivolous. *See High v. State*, 573 S.W. 2d 807, 811 (Tex. Crim. App. [Panel Op.] 1978) (holding that an *Anders* brief filed in a contested case must describe any objections raised and ruled on during trial and "discuss either why the trial court's ruling was correct or why the appellant was not harmed by the ruling of the trial court"). Indeed, the failure of appellant's appointed attorney to discuss this issue in the brief filed shows that she failed to make a thorough and professional evaluation of the record. *See Anders*, 386 U.S. at 744; *Jeffery*, 903 S.W.2d at 780. If appellant's appointed attorney missed such an obvious issue, we cannot assume that appellant's appointed attorney would have caught other, perhaps more subtle, issues.[3] *Jeffery*, 903 S.W.2d at 780.

We further note that the record filed with this Court is incomplete. In volume five, on pages 189-90, the State offered, and the trial court admitted without objection, State's Exhibits 11, 12, 13, and 14. These exhibits are video recordings. The record filed with this Court, however, does not contain copies of the actual videos. Rather, the exhibit volume contains only a single sheet of paper referencing the individual exhibit number and reflecting the parenthetical "(DVD)." Appellant's appointed attorney did not call this omission to this Court's attention or seek to have the record corrected or supplemented.[4]

---

[3] We note that there were at least ten other objections which were either sustained by the trial court, not ruled upon, or were insufficient to preserve error. Appellant's appointed attorney discussed none of these objections in her brief to this Court.

[4] We have issued a separate order, simultaneously with this opinion, ordering the court reporter to supplement the record with these exhibits.

–4–

Appellant's appointed attorney also failed to point out clerical errors in the judgment entered by the trial court that we have identified. In the field of the judgment titled "Degree of Offense," the judgment states "1st Degree Felony"; yet reckless injury to a child is a second degree felony. TEX. PENAL CODE ANN. § 22.04(e). And, the "Terms of Plea Bargain" field states "Open Plea"; yet it is clear that appellant entered a plea of not guilty and no plea bargain, either as to guilt/innocence or punishment, was operative. The failure of appellant's appointed attorney to request that the judgment be reformed to correct these clerical errors further indicates that she did not perform a professional evaluation of the record.[5] *Jeffery*, 903 S.W.2d at 780.

We grant appellant's appointed attorney's motion to withdraw and we strike the *Anders* brief filed by appellant's appointed attorney. We remand the case to the trial court and order the trial court to appoint new appellate counsel to represent appellant. New appellate counsel should investigate the record and file a brief on the merits that addresses the overruled objection mentioned above, the errors in the judgment, and any other plausible grounds for appeal. *Id.*

We further order the trial court to inform this Court in writing of the identity of new appellate counsel, new appellate counsel's contact information, and the date counsel is appointed.

---

[5] We recognize that we are not required to abate an appeal for appointment of new counsel if the judgment may be reformed or modified due to clerical errors. *See Ferguson v. State*, 435 S.W.3d 291, 295 (Tex. App.—Waco 2014, no pet.) (reforming judgment in an *Anders* appeal to correct age of child complainant); *Bray v. State*, 179 S.W.3d 725, 730 (Tex. App.—Fort Worth 2005, no pet.) (reforming judgment in an *Anders* appeal to delete an improper condition of parole); *see generally Asberry v. State*, 813 S.W.2d 526, 531 (Tex. App.—Dallas 1991, pet. ref'd) (holding that this Court has authority to reform a judgment when it has the necessary information before it to do so). We do not, however, reform the judgment at this time as the errors in the judgment are not the only issues we have identified in this record. We trust that new appellate counsel will address these and any other clerical errors that require reformation of the judgment.

We remove this appeal from the submission docket[6] and abate the appeal for the trial court to comply with the dictates of this opinion.

/Leslie Osborne/
LESLIE OSBORNE
JUSTICE

PUBLISH
Tex. R. App. P. 47.2(b)
181544F.P05

---

[6] This case will be resubmitted at a future date after this Court receives a brief filed by new appellate counsel and any response brief the State may choose to file.